BURGESS EATON, ETC., *v.* CHAS. T. REDMAN, ETC.

**Wills—Advancements—Term "Money or Property" Construed.**

"All the money or property that is charged ·by me to each one of my children in a book kept by ·me for that purpose is to go and be counted ·as a part of my estate received by them ·and as a part of a share thereof to which they are entitled under this will as well as that now charged or that I may hereafter charge any of them with."

**Held,** that the advancements made to the daughters should be charged to ·their children, as it is evident the testator did not mean to charge his sons with advancements and except his daughters therefrom. The term "money or property," as used by the testator, included the rents charged against such of his children as were occupying portions of his lands.

APPEAL FROM CLARK CIRCUIT COURT.

June 11, 1872.

OPINION BY JUDGE LINDSAY:

Robert Redman, who departed this life in the year 1868, provided by his will that his four sons should have four-tenths of his estate, after the payment of his debts, and certain specific legacies, the same to be yearly divided between them, "that is, each one of them was to have one-tenth part thereof," the remainder of his estate he devised to such of the children of his six daughters as might be living at the time of his death, to be divided between them per capita, except that the children of one of his daughters were to have only half shares. Such of his daughters as were living at the time of his death were to have the use and benefit for life of such portion of his estate as should fall to their children, and upon the death of each daughter the property thus derived was to vest in her children absolutely. The fourth clause of the will is in these words:

"All the money or property that is charged by me to each one of my children in a book kept by me for that purpose is to go and be counted as a part of my estate received by them and as a part of a share thereof to which they are entitled under this will, as well as that now charged, or that I may hereafter charge any of them with."

Appellants complain that the grandchildren were charged with the advancement made to their mothers, and insist that,

as by the terms of the will these charges were confined to the
children of the testator, this action of the court below was un-
authorized.

It is evident that the testator did not mean to charge his sons
with advancements and  except his  daughters  therefrom.  Had
this been his intention he would not have used the term children,
which includes as well the daughters as the sons.  Besides this, if
the advancements to his ten children "be carried as a part of his
estate," as he directs, and the distribution made upon the basis
of the aggregate then obtained, to charge the sons with the ad-
vancements made to them and except the grandchildren from the
payment of the sums advanced to their mothers would result in
giving to the grandchildren nearly the entire estate of which the
testator died seized.

We think it clear that he intended each of his sons, and the
representatives or children of each of his daughters, to account
for the amounts charged against them and their mothers in the
book kept by him for that purpose and referred to in his will.

We are also of opinion that the terms "money or property,"
as used by the testator, include the rents charged against such of
the children as were occupying portions of his lands.  That he
intended these rents to be charged against them as advance-
ments is manifested by the fact that the rate is fixed in the book
kept by him for that purpose.  The receipt executed to his sons
bearing date January 1, 1861, which was anterior to the execu-
tion of the will, exonerates them from the payment of such rents
as may have then accrued, but they are responsible  for all ac-
cruing subsequent to that date.  The court erred in not requiring
Charles T. Redman to account for the rents charged against him.

The receipt bearing date October 30, 1867, does not upon its
face import to have been given for money paid in discharge of
rents.  It is in full of all demands.  The testator did not re-
gard the rents charged against his children as demands at all,
but as advancements for which they were to account after his
death.  Nor is the oral testimony offered in explanation of the
receipt detailing the conversation between Charles and his fa-
ther at the time of its execution, even if it or the receipt itself
were admissible for the purpose of changing the rights of the
devisees under the will  of  that character which  would authorize

the conclusion that the testator intended by its execution to exonerate Charles from accounting for the rents charged against him in the book referred to in the will.

For error in failing to charge Chas. T. Redman with these rents the judgment is reversed, and the cause remanded for the correction thereof and for other proper proceedings.

The costs upon this appeal will be taxed against Chas. T. Redman.

*Breckenridge & Beckner, for appellants.*

*Simpson, for appellees.*